```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

------------------------------x
                              :
BOHDAN G. SENIW                :    Civ. No. 3:18CV00813(JCH)
                              :
v.                             :
                              :
TOWN OF FAIRFIELD POLICE       :
DEPARTMENT & JOHN DOE          :
                              :    July 2, 2018
------------------------------x
```

### RECOMMENDED RULING

This matter is before the Court on an initial review of an Amended Complaint [Doc. #11] filed by self-represented plaintiff Bohdan G. Seniw ("plaintiff"). For the reasons set forth below, the Court recommends that the Amended Complaint [**Doc. #11**] be **DISMISSED, with prejudice,** pursuant to 28 U.S.C. §§1915(e)(2)(B)(i)-(ii).

### I.   Background

Plaintiff proceeds in this matter in forma pauperis, under 28 U.S.C. §1915. See Doc. #9 (order granting in forma pauperis status). Plaintiff originally brought this action on a District of Connecticut complaint form against defendants Town of Fairfield Police Department and John Doe (collectively the "defendants"). See Doc. #1. The Court reviewed that Complaint, under 28 U.S.C. §1915, and recommended that it be dismissed for failure to state a claim. See Doc. #8. The Recommended Ruling was affirmed, adopted and ratified. See Doc. #10.

1

On June 28, 2018, plaintiff filed an Amended Complaint. [Doc. #11]. As grounds for the Court's jurisdiction plaintiff alleges: "890 Other Statutory Actions[.]" Id. at 4. Plaintiff also cites to various federal criminal statutes, and to a provision of the United States Sentencing Guidelines manual. See id.

Plaintiff's Amended Complaint suffers from the same deficiencies as the original Complaint. The allegations are rambling and confused. The Amended Complaint seems focused on a letter or letters mailed to the United States Supreme Court, apparently in relation to an attempt to file a petition for a writ of certiorari. See id. at 14. Attached to the Amended Complaint are various documents apparently intended to establish that such a letter was in fact delivered. See generally id. at 6-8. There is no mention in this Amended Complaint of the Town of Fairfield, or of the John Doe police officer named as a defendant.

## II.  Initial Review

### A.  Standard of Review

Section 1915 provides that, when reviewing cases filed in forma pauperis, "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§1915(e)(2)(B)(i)-(ii). In a case such as this where a

2

plaintiff is self-represented and proceeding in forma pauperis, "[a] district court retains the authority — and indeed the duty — to sua sponte review the pleading sufficiency of [an] amended complaint." Praileau v. Fischer, 930 F. Supp. 2d 383, 389 (N.D.N.Y. 2013)

As previously noted in this case, the Court construes complaints filed by self-represented plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). The Court exercises caution in dismissing a case under section 1915(e) because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**B.    Analysis**

A complaint must plead enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Here, the Amended Complaint makes no allegations whatsoever against the named defendants. The assertions of the Amended Complaint and its attachments suggest no possible cause of action against the named defendants or, indeed, against any other party.

As set forth in the prior Recommended Ruling, all complaints must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The requirement that the statement be "plain" is important "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 41-42 (2d Cir. 1988). "Dismissal of a complaint is proper when it is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Russo v. Glasser, 279 F. Supp. 2d 136, 145 (D. Conn. 2003) (citation and quotation marks omitted). The allegations of the Amended Complaint are so unintelligible that

defendants would not have proper notice of the allegations against them, were this case to proceed.

The Court further notes that 18 U.S.C. §1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. Such a dismissal is appropriate here.

Given the nature of plaintiff's claims, dismissal with prejudice is appropriate, because any amendment of the Complaint would be futile. See, e.g., Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given."). Particularly where, as here, a plaintiff has had an opportunity to amend the pleadings and still fails to state a claim, dismissal with prejudice of claims that remain lacking is appropriate. See, e.g., Lewis v. Clark, No. 3:14CV1592(RNC), 2016 WL 1626814, at *1 (D. Conn. Apr. 22, 2016) ("Because the amended complaint fails to allege facts that cure the deficiencies described in the June 2015 ruling, because plaintiff has had an opportunity to replead in light of the guidance provided by the June 2015 ruling, and because a liberal reading of the amended complaint gives no

indication that a valid claim might be stated, the action will now be dismissed with prejudice.").

### III. Conclusion

For the reasons stated above, the Court recommends that the Amended Complaint [**Doc. #11**] be **DISMISSED, with prejudice**, pursuant to 28 U.S.C. §§1915(e)(2)(B)(i)-(ii).

This is a recommended ruling. See Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** See Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(d) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 2nd day of July, 2018.

                                         /s/
                                 HON. SARAH A. L. MERRIAM
                                 UNITED STATES MAGISTRATE JUDGE